UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| MARY B. PURKERSON,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT PROS INTERNATIONAL CORPORATION,<br><br>    Defendant. | Case No: 6:23-cv-00060 |

## COMPLAINT

**NOW COMES** Mary B. Purkerson ("Plaintiff") by and through her undersigned counsel, complaining as to the conduct of Credit Pros International Corporation, ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq*., the Texas Credit Services Organizations Act ("TCSOA") under Tex. Fin. Code § 393.101 *et seq*., and the Texas Consumer Debt Management Services Act ("TCDMSA") under Tex. Fin. Code § 394.201 *et seq*., for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA, and 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367(a).

1

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Plaintiff resides in the Northern District of Texas, and all of the events or omissions giving rise to the claims occurred in the Northern District of Texas.

## PARTIES

5. Plaintiff is a consumer over 18 years of age residing in San Angelo, Texas.

6. Defendant is a credit repair organization that offers its customers the ability to eliminate and resolve outstanding financial obligations through Defendant's debt relief and management services. Defendant is incorporated under the laws of the state of Florida with its principal place of business located at 7750 Okeechobee Boulevard Suite #4-765 West Palm Beach, Florida 33411.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. Prior to the events giving rise to this action, Plaintiff began experiencing financial hardship that resulted in her falling behind on some of her consumer accounts.

9. Shortly thereafter, Plaintiff's creditors began reporting late payments to her credit reports resulting in decreased ratings.

10. Plaintiff was unsatisfied with the current standing of her consumer credit reports and began researching companies to help her improve her credit rating and increasing her odds of applying for credit in the future.

11. Plaintiff subsequently happened upon Defendant's services.

12. Moreover, Plaintiff reached out to inquire further about Defendant's services and what Defendant could promise her in return for her business.

13. After speaking with Defendant and getting an idea of its services, Plaintiff entered into a contract with Defendant for credit repair services given Defendant's promises that its program would be able to help Plaintiff resolve her debt and increase her credit score.

14. Relying upon Defendant's representations regarding the nature and efficacy of its services, Plaintiff began her monthly payments to Defendant.

15. Specifically, Plaintiff was explicitly informed that if she made $149 monthly payments to Defendant over a period of time, Defendant would be able show results such as improving her credit rating, and resolve outstanding debts negatively reporting.

16. Moreover, Defendant also promised to provide Plaintiff legal counsel should any of her creditors take legal action against her while enrolled into Defendant's program.

17. Plaintiff proceeded to make her monthly payments to Defendant on a consistent and timely basis for nearly six months totaling over $800.

18. After completing some of payments to Defendant, Plaintiff was growing increasingly more disappointed in Defendant's failure to improve her credit rating and remove items from her report, so she expressed her concerns.

19. Defendant was unable to alleviate Plaintiff's concerns and failed to improve Plaintiff's credit rating despite taking payment from Plaintiff.

20. Furthermore, while enrolled in Defendant's program, Plaintiff was sued by debt collector Midland Credit Management, Inc.

21. Unfortunately, despite Defendant's promise to provide Plaintiff with legal counsel in the event of a lawsuit, Defendant failed to keep its word.

22. Throughout their dealings, Defendant deceptively and misleadingly strung Plaintiff along, telling her what she wanted to hear in order for her to keep making payment, only to turn around and fail to deliver on the promises and representations that induced Plaintiff's continued participation in Defendant's credit repair services.

23. Furthermore, Defendant repeatedly suggested to Plaintiff that it was working on sending credit disputes on her behalf as a means to more promptly address the issues on Plaintiff's credit reports; however, Defendant's conduct in this regard deceptively and misleadingly represented the extent to which the credit reporting agencies are obliged to respond to credit disputes submitted by credit repair organizations.

24. Dissatisfied with the significant sums of money paid for deficient credit repair services, Plaintiff cancelled her contract with Defendant after approximately six months of service.

25. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned regarding her rights.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of her state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

### COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

29. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

30. At all relevant times, Defendant represented to Plaintiff, both directly and by implication, that successfully completing Defendant's program would, ultimately, result in the overall improvement of Plaintiff's credit history, at it would allow her to resolve obligations which otherwise would go unresolved.

    a. **Violations of CROA § 1679b(a)**

31. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

32. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. In order to get Plaintiff to agree to utilize Defendant's services, Defendant represented that its services would result in an increase in her credit score, and resolve her debts; however, Defendant completely failed to follow through on these promises or the services it represented it would perform for Plaintiff.

33. In addition, Defendant failed to provide Plaintiff the promised legal counsel in her lawsuit against Midland Credit Management, Inc.

34. Further, Defendant violated the CROA when it deceptively represented to Plaintiff that its disputes would be responded to by the credit reporting agencies. Inherent with Defendant's representations was the notion that there would be an obligation for an investigation to be triggered by Defendant's submission of a credit dispute on Plaintiff's behalf. However, pursuant to 12 C.F.R. § 1022.43(b)(2), the credit reporting agencies are under no obligation to respond to disputes submitted by credit repair organizations like Defendant.

    **b.**    **Violation of CROA § 1679c**

35. The CROA, pursuant to 15 U.S.C. § 1679c, outlines various disclosures that CROs must provide to consumers prior to entering into contracts with consumers.

36. Defendant violated § 1679c through its complete failure to provide Plaintiff a copy of the required disclosures.

**WHEREFORE**, Plaintiff, Mary B. Purkerson, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.    Awarding Plaintiff actual damages, as provided under 15 U.S.C. § 1679g(a)(1);

    c.    Awarding Plaintiff punitive damages, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and,

    e.    Awarding any other relief as the Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE TEXAS CREDIT SERVICES ORGANIZATION ACT**

37. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 393.001(1).

39. Defendant is a "credit services organization" as defined by Tex. Fin. Code § 393.001(3).

    a. **Violations of Tex. Fin. Code §§ 393.304(1) & 393.305**

40. The TCSOA, pursuant to Tex. Fin. Code § 393.304(1), prohibits a credit services organization from "mak[ing] or us[ing] a false or misleading representation in the offer or sale of the services of the organization." Similarly, pursuant to Tex. Fin. Code § 393.305, "[a] credit services organization or a representative of the organization may not directly or indirectly engage in a fraudulent or deceptive act, practice, or course of business relating to the offer or sale of the services of the organization."

41. Defendant violated §§ 393.304(1) & 393.305 in much the same way it violated §§ 1679b(a)(3)-(4) of the CROA.

**WHEREFORE**, Plaintiff, Mary B. Purkerson, respectfully requests that Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 393.503(a)(1);

    c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 393.503(b);

    d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 393.502;

    e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code §§ 393.503(a)(2)-(3); and,

  f.  Awarding any other relief the Honorable Court deems just and appropriate.

<b><u>COUNT III – VIOLATIONS OF THE TEXAS CONSUMER DEBT MANAGEMENT SERVICES ACT</u></b>

42. Plaintiff restates and realleges paragraphs 1 through 41 as though fully set forth herein.

43. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 394.202(4).

44. Defendant is a "provider" of "debt management service" as defined by Tex. Fin. Code §§ 394.202(6) & (10).

  a. **Violations of Tex. Fin. Code § 394.207**

45. The TCDMSA, pursuant to Tex. Fin. Code § 394.207, provides that "[a] provider may not engage in false or deceptive advertising."

46. Defendant violated § 394.207 through its deceptive advertising directed towards Plaintiff regarding the nature of the services it would perform for Plaintiff. Defendant recommended that it would be able to achieve its results within a certain period of time despite knowing, or being substantially sure, that it would not be able to achieve the results within the timeframe represented. Upon information and belief, it is Defendant's business model to underinflate the amount and number of payments consumers must make to complete its program in order to get consumer's feet in the door, knowing that it will ultimately qualify its earlier representations as "estimates" when those representations prove false.

  b. **Violations of Tex. Fin. Code § 394.212**

47. The TCDMSA, pursuant to Tex. Fin. Code § 394.212, outlines a number of prohibited practices on the part of providers.

48. Pursuant to § 394.212(a)(9), a provider may not "engage in an unfair, deceptive, or unconscionable act or practice in connection with a service provided to a consumer."

49. Defendant violated § 394.212(a)(9) through the deceptive and unfair nature of the representations made to Plaintiff and manner in which its services were subsequently provided.

50. As alleged above, Plaintiff was harmed by Defendant's actions.

**WHEREFORE**, Plaintiff, Mary B. Purkerson, respectfully requests that the Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Tex. Fin. Code § 394.215(c);

c. Awarding Plaintiff punitive damages pursuant to Tex. Fin. Code § 394.215(c);

d. Enjoin Defendant from further violations of law pursuant to Tex. Fin. Code § 394.215(d);

e. Awarding Plaintiff's costs and reasonable attorney fees, pursuant to Tex. Fin. Code § 394.215(c); and;

f. Awarding any other relief the Honorable Court deems just and appropriate.

Dated: October 13, 2023

Respectfully submitted,

*/s/ Marwan R. Daher*
Marwan Rocco Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8180
mdaher@sulaimanlaw.com